IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE A. SALAZAR AND<br>GLORIA M. SALAZAR, | §<br>§<br>§ | Civil Action No..: |
| Plaintiffs, | §<br>§ | Division: |
| V. | §<br>§ | Judge: |
| AMERICAN SECURITY<br>INSURANCECOMPANY, | §<br>§<br>§ | Magistrate Judge: |
| Defendant. | §<br>§ | |

## COMPLAINT

NOW INTO COURT, come Jose A. Salazar and Gloria M. Salazar ("Mr. and Mrs. Salazar"), appearing herein through undersigned counsel, who file this Complaint against Defendant, American Security Insurance Company ("American Security") on the grounds set forth below:

## PARTIES

1.

Mr. and Mrs. Salazar are persons of the full age of majority and are domiciled in Harris County, Texas, and at all times relevant were the owners of property located in this judicial district at municipal address 12460 Parkey Ln., Galena Park, TX 77015 (the "Property").

2.

American Security is a foreign insurance company authorized to and presently doing business in the state of Texas, incorporated in the State of Delaware, and having its principal place of business in the State of Florida, maintaining its main administrative offices of the Company at 11222 Quail Roost Drive, Miami, Florida 33157.

1

## **JURISDICTION AND VENUE**

3.

This action arises out of American Security's denial of Mr. and Mrs. Salazar's complete flood insurance claim made under policy number FLR21021505545 (the "Policy").

4.

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332 due to the complete diversity of the parties, and that the amount in controversy exceeds the jurisdictional threshold of $75,000.00, exclusive of interest and cost.

5.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claim occurred in this judicial district.

## **FACTUAL BACKGROUND**

6.

In late-August 2017, long-duration flooding (the "Flood") devastated large segments of Harris County, including causing physical damages to Mr. and Mrs. Salazar's Property which is located at municipal address 12460 Parkey Ln., Galena Park, TX 77015.

7.

Mr. and Mrs. Salazar maintained a flood insurance policy (the "Policy") issued by American Security on the Property. Mr. and Mrs. Salazar paid all premiums when due and the Policy issued by American Security, was in full force and effect at the time of the Flood.

8.

On the date of the loss, the Flood damaged Mr. and Mrs. Salazar's Property and personal property located therein. Complying with their insurance policy provisions, Mr. and Mrs. Salazar timely reported these losses to American Security.

9.

American Security hired and sent an adjuster to Mr. and Mrs. Salazar's Property, and that adjuster, together with American Security's approval, prepared a damage estimate that failed to comply with the provisions of the Policy, American Security's general company claims handling standards, procedures, and claims manuals.

10.

Ultimately, Mr. and Mrs. Salazar realized that numerous covered items had been omitted or underpaid by American Security.

11.

Because American Security's payments failed to adequately compensate Mr. and Mrs. Salazar for all covered losses, Mr. and Mrs. Salazar retained independent experts to evaluate the extent of the flood loss caused by and from flood.

12.

The independent experts found conclusive evidence that the Flood critically damaged Mr. and Mrs. Salazar's covered property in an amount and scope far greater than was was found by American Security's adjuster.

13.

These covered damages were thoroughly documented and the supporting documentation, including a room-by-room, line-by-line unit cost damage estimate, was submitted to American Security for review.

14.

Despite receipt of documentation evidencing American Security's substantial underpayment, American Security chooses to unfairly and improperly persist in denying these claims, which are due under the Policy.

15.

Mr. and Mrs. Salazar complied with all conditions precedent prior to the filing of this lawsuit.

## CAUSES OF ACTION

16.

American Security's conduct gives rise to the following causes of action:

**a.** **Breach of Contract**

17.

Mr. and Mrs. Salazar repeat, reiterate, and re-allege each and every allegation set forth in the paragraphs above as if fully set forth herein.

18.

Mr. and Mrs. Salazar and American Security entered into an insurance contract when Mr. and Mrs. Salazar purchased and American Security issued the Policy.

19.

The Policy, at all times relevant and material to this case, provided flood insurance coverage to Mr. and Mrs. Salazar for, among other things, physical damage to the Property by and from flood.

20.

Mr. and Mrs. Salazar fully performed under the contract by paying all premiums when due, satisfying all Policy requirements, and cooperating with American Security during the flood insurance claim at issue in this lawsuit.  Mr. and Mrs. Salazar complied with all conditions precedent to recovery by paying all Policy premiums when due, timely notifying American Security of the covered loss, and by providing satisfactory proof of loss.

21.

This is an action for damages as a result of American Security's breach of the Policy.

22.

American Security materially breached the insurance contract when it wrongly failed to pay Mr. and Mrs. Salazar the remaining amount due for damages directly caused to the Property by or from Flood.  American Security also breached the insurance contract by failing to perform the obligations it owed under the Policy.

23.

By its various breached of contract, including its failure to pay Mr. and Mrs. Salazar for their covered losses, American Security is liable to and owes Mr. and Mrs. Salazar for the actual damages sustained as a foreseeable and direct result of the breach, and all costs associated with repairing and/or replacing the covered property in accordance with the Policy, together with

interest and all other damages Mr. and Mrs. Salazar may prove as allowed by law, including any and all extra-contractual damages allowed by law.

### b. Violations of the Texas Insurance Code

24.

Mr. and Mrs. Salazar repeat, reiterate, and re-allege each and every allegation set forth in the paragraphs above as if fully set forth herein.

25.

Tex. Ins. Code § 541 prohibits American Security from engaging in unfair settlement practices with respect to a claim by an insured or beneficiary.

26.

American Security knowingly violated Tex. Ins. Code § 541.060 by:

(a) misrepresenting the extent of flood damage covered under the Policy;

(b) failing to attempt in to effectuate a prompt, fair, and equitable settlement of Mr. and Mrs. Salazar's claim;

(c) failing to promptly provide Mr. and Mrs. Salazar with a reasonable explanation of the basis in the policy for American Security's denial of a claim or offer of a compromise settlement of a claim; and

(d) failing within a reasonable time to affirm or deny coverage of a claim to a policyholder.

27.

American Security knowingly violated Tex. Ins. Code § 541.152 by:

(a) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact.

(b) misrepresenting the true value of the covered loss.

28.

Because American Security knowingly violated the foregoing provisions of the Texas Insurance Code, Mr. and Mrs. Salazar sustained actual damages in excess of Policy limits, and are entitled to exemplary and/or treble damages under Tex. Ins. Code § 541.152.

    c.    **<u>Violations of the Texas Deceptive Trade Practices Act</u>**

29.

Mr. and Mrs. Salazar repeat, reiterate, and re-allege each and every allegation set forth in the paragraphs above as if fully set forth herein.

30.

Tex. Bus. & Com. Code § 17.50(a)((3) prohibits American Security from making false, misleading, or deceptive acts which are an unconscionable action or course of action.

31.

American Security (i) accepted insurance premiums, but refused without a reasonable basis to pay benefits due and owing, (ii) engaged in an unconscionable action or course of action prohibited by the DTPA sec. 17.50(a)(1)(3) by American Security taking advantage of the insured's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, (iii) resulting in a gross disparity between the consideration paid in the transaction and the value received.

32.

As a result of American Security's violations of the Texas Deceptive Trade Practices act, Mr. and Mrs. Salazar are entitled to the full extent of exemplary and/or treble damages under Tex. Bus. & Com. Code § 17.50(d).

### d.     Breach of Duty of Good Faith and Fair Dealing

33.

Mr. and Mrs. Salazar repeat, reiterate, and re-allege each and every allegation set forth in the paragraphs above as if fully set forth herein.

34.

American Security owes Mr. and Mrs. Salazar a duty of good faith and fair dealing.

35.

American Security breached its duty of good faith and fair dealing by committing the acts described above as violations of the Texas Insurance Code and Texas Deceptive Trade Practices Act.

36.

Because of American Security's breach, Mr. and Mrs. Salazar are entitled to recovery for any and all actual damages sustained as a foreseeable and direct result of the breach, and all costs associated with repairing and/or replacing the covered property in accordance with the Policy, together with interest and all other damages Mr. and Mrs. Salazar may prove as allowed by law, including any and all extra-contractual damages allowed by law.

### ATTORNEY'S FEES

37.

Mr. and Mrs. Salazar repeat, reiterate, and re-allege each and every allegation set forth in the paragraphs above as if fully set forth herein.

38.

Mr. and Mrs. Salazar are entitled to reasonable attorney's fees in this case pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003, Tex. Bus. & Com. Code § 17.50(d), and/or Tex. Ins. Code §§ 541.152, 542.060.

## PRAYER FOR RELIEF

39.

WHEREFORE, Mr. and Mrs. Salazar respectfully request that this Court enter judgment in Mr. and Mrs. Salazar's favor for all such amounts proved at trial, for expenses, for pre-judgment and post-judgment interest as provided by law, and for all other relief this Court may deem just and proper.

Respectfully submitted,

**PANDIT LAW FIRM, L.L.C.**

BY: */s/ Phillip N. Sanov*
PHILLIP N. SANOV, Tx. Bar No. 17635950
*Attorney-in-charge*
RAJAN PANDIT, La. Bar No. 32215
　　　　　　　　　Fed. ID 1070660
JOHN D. CARTER, La. Bar No. 24334
　　　　　　　　　Fed. ID 1058771
HENRY J. ROTH, La. Bar No. 37526
　　　　　　　　　Fed. ID 3364439
JESSIE B. CALLAHAN, La. Bar No. 38153
　　　　　　　　　Fed. ID 3381369

One Galleria Tower
2700 Post Oak Blvd., 21st Floor
Houston, TX 77056
Telephone: (800) 615-3046
Facsimile: (504) 313-3820
Email: psanov@panditlaw.com
***COUNSEL FOR PLAINTIFFS***